UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FLAGSTAR FINANCIAL & LEASING, LLC f/k/a
Signature Financial, LLC,

              Case No.: 24-02525-JMW

         Plaintiff,

 -against-

              **AMENDED COMPLAINT**

STARWAY LOGISTICS, LLC and TENGIZ
OKROPILASHVILI,

         Defendants.
------------------------------------------------------------------------x

   Plaintiff, Flagstar Financial & Leasing, LLC f/k/a Signature Financial, LLC (hereinafter referred to as "Plaintiff"), as and for its Complaint against Defendants, Starway Logistics, LLC (hereinafter referred to as "Starway") and Tengiz Okropilashvili (hereinafter referred to as "Guarantor," and together with Starway, the "Defendants"), alleges upon information and belief:

## NATURE OF THE ACTION

   1. This is an action to recover money damages for breach of contract and a breach of a personal guaranty, as well as to recover Plaintiff's Collateral, as defined herein.

## JURISDICTION AND VENUE

   2. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) as this action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

   3. Venue is proper in this district by virtue of the contractual agreement between Plaintiff and Defendants pursuant to which Defendants expressly consented to the commencement and prosecution of any action concerning the contract in this forum.

**THE PARTIES**

4. Plaintiff is a limited liability company organized and existing under the laws of the State of New York and has a principal place of business at 100 Duffy Avenue, Suite 402, Hicksville, New York 11801.

5. Upon information and belief, Starway is a foreign corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with an office for the transaction of business at 118 Clearview Avenue, Huntingdon Valley, PA 19006. Upon information and belief, Starway conducts business in the state of New York.

6. Upon information and belief, Guarantor is an individual maintaining a residence or principal place of business at 118 Clearview Avenue, Huntingdon Valley, PA 19006. Upon information and belief, Guarantor conducts business in the state of New York.

7. Upon information and belief, Guarantor was and remains a member of Starway.

**FACTUAL BACKGROUND**

8. On or about July 17, 2020, Starway, as Debtor, entered into a Master Security Agreement (Equipment) (hereinafter "Master Security Agreement") with Plaintiff, as Secured Party, whereby Debtor expressed a desire to establish a financing arrangement with Plaintiff pursuant to which Plaintiff would make loans and extensions to Starway. The Master Security Agreement provided, *inter alia*, that Plaintiff has and may, from time to time, make loans and advances to Starway, with such loan(s), as evidenced by one or more promissory note(s), to be repaid with interest as more fully described in each applicable promissory note with each such note incorporating the terms and conditions of the Master Security Agreement.

9. To secure payment due under any and all promissory notes and any renewals, extensions, amendments, or modifications thereof, and also to secure any other indebtedness or

liability of Starway to Plaintiff, Starway granted to Plaintiff a first position security interest in the following collateral (the "Collateral"):

    (i)    Such equipment or other assets identified on each Schedule "A" hereto (collectively the "Equipment"), now or hereafter executed by Debtor and Secured Party, together with all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements and substitutions thereof, installed in, affixed to or used in connection therewith;

    (ii)    All accounts and chattel paper arising out of all present and future leases, rental agreements, sales agreements (if any), or contracts relating to any of the Equipment and present and future rental payments, purchase options or other sums due on the leases, rental agreements and sales agreements (if any) for any of the Equipment, rights to payment earned under any contract for the use or rental of any of the Equipment, and any cash or non-cash proceeds thereof; and/or

    (iii)    To the extent not listed above as original collateral, proceeds (including without limit insurance proceeds) and products of the foregoing.

10. On or about July 17, 2020, Starway, as Borrower, executed and delivered to Plaintiff, as Holder Promissory Note (Fixed Rate) ("Note 1"), which incorporates by reference the terms and conditions of the Master Security Agreement, whereby Starway borrowed from Plaintiff the principal sum of $550,300.00 for the purchase of certain collateral referred to below. In return, by Note 1, Starway agreed to repay the amount financed with interest at 4.45% per annum. Pursuant to Note 1, Starway agreed to repay the amount advanced by Plaintiff in accordance with the following repayment schedule: Sixty (60) consecutive monthly payments of

$10,246.75 (includes principal and interest); first payment having been due on August 20, 2020, with all subsequent payments are due on the same day of each month thereafter.

11. Pursuant to the Master Security Agreement, Starway executed and delivered Schedule A-5, which identified the specific Equipment subject to Plaintiff's security interest "together with all present and future attachments, accessories, additions, accessions, parts, supplies, and any replacement thereof, install in, affixed to, or used in connection with said property." To wit, Schedule A-5 identifies **Two (2) 2020 Peterbilt Model 389 Tractors (Serial/ID Nos. 1NPXLP9X2LD628050, 1NPXLP9X4LD628051)** and **Two (2) 2020 Cottrell Model CX-09LSFA Car Carriers (Serial/ID Nos. 5E0AA1647LG275202, 5E0AA1649LG275203)** as Collateral (the "Loan 1 Collateral").

12. Per the Delivery and Acceptance Certificate, executed by Guarantor on behalf of Starway, the Loan 1 Collateral was delivered to and accepted by Starway on July 21, 2020.

13. Plaintiff properly perfected its security interest in and to the Loan 1 Collateral by filing a UCC-1 financing statement with the Secretary of Commonwealth of Pennsylvania on July 21, 2020.

14. On or about December 1, 2022, Starway, as Borrower, executed and delivered to Plaintiff, as Holder, a Promissory Note (Fixed Rate) ("Note 2", and together with Note 1, "Notes"), which incorporates by reference the terms and conditions of the Master Security Agreement, whereby Starway borrowed from Plaintiff the principal sum of $60,500.00 for the purchase of certain collateral referred to below. In return, by Note 2, Starway agreed to repay the amount financed with interest at 7.42% per annum. Pursuant to Note 2, Starway agreed to repay the amount advanced by Plaintiff in accordance with the following repayment schedule: Thirty-six (36) consecutive monthly payments of $1,879.70 (includes principal and interest); first

payment having been due on January 1, 2023, with all subsequent payments are due on the same day of each month thereafter.

15. Pursuant to the Master Security Agreement, Starway executed and delivered Schedule A-7, which identified the specific Equipment subject to Plaintiff's security interest "together with all present and future attachments, accessories, additions, accessions, parts, supplies, and any replacements thereof, installed in, affixed to, or used in connection with said property." To wit, Schedule A-7 identifies **One (1) 2016 Sun Valley Trailer (Serial/ID No. 1S9CA5325GP297327)** as Collateral (the "Loan 2 Collateral," and together with the Loan 1 Collateral, the "Collateral").

16. As evidenced by the Delivery and Acceptance Certificate, executed by Guarantor on behalf of Starway, the Loan 2 Collateral was delivered to and accepted by Starway on December 1, 2022.

17. By Continuing Guaranty (the "Personal Guaranty"), dated July 17, 2020, Guarantor, a member of Starway, "absolutely and unconditionally guarantee[d] the full and prompt payment when due of all present and future obligations of [Starway] to [Plaintiff], however created, direct or indirect, absolute or contingent, now existing or hereinafter arising, due or to become due, whether said obligations represent principal, interest, rent, late charges, indemnities, an accelerated balance, liquidated damages, a deficiency after sale or other disposition of leased equipment or collateral, or other sums or obligations owing from [Starway] to [Plaintiff]."

18. By his Personal Guaranty, Guarantor was and remains obligated to pay any and all sums due with respect to the Notes.

19. Upon the occurrence of an event of default, the Master Security Agreement provides that Plaintiff may, *inter alia*: (i) cease advancing money or extending credit; (ii) declare the entire unpaid indebtedness of Starway to be immediately due and payable; (iii) enter any premises of Starway, or any other party, with or without judicial process and take possession of any and all of the Collateral; and (iv) dispose of the Collateral at a public or private sale.

20. Additionally, pursuant to Section "21" of the Master Security Agreement, Defendants consented to the jurisdiction of the U.S. District Court located in the Eastern District of New York with respect to any litigation commenced with respect to the Master Security Agreement and any matters arising with respect thereto.

21. Pursuant to Paragraph "6" of the Notes, in the event of default, the interest rate of each note shall automatically bear an interest rate of six (6%) percent per annum above the respective note rates.

22. Starway defaulted with respect to its payment obligations under Note 1 by having failed to make the monthly payment due August 20, 2023, and it defaulted with respect to its payment obligations under Note 2 by having failed to make the monthly payment due November 1, 2023. Starway has failed to make any other monthly payments under the Notes that were due after the dates of default. The amounts due on the Notes were therefore accelerated by Plaintiff with the entirety of the indebtedness being declared immediately due and payable.

23. As of April 4, 2024, the sum of not less than $266,498.46 was due and owing with respect to Note 1 and the sum of not less than $52,294.00 was due and owing with respect to Note 2 for a total of $318,792.46, inclusive of late fees.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

24. Plaintiff repeats, reiterates and realleges, Paragraphs "1" through "23" of this Complaint with the same force and effect as if fully set forth herein at length.

25. Starway failed to make the monthly payment due on August 20, 2023, with respect to Note 1, and any subsequent monthly payments, and failed to make the monthly payments due December 1, 2023, with respect to Note 2, and any subsequent monthly payments, and that failure has now been deemed to be an event of default pursuant to the Master Security Agreement and Notes.

26. By reason of Starway's failure to make payments when due, Plaintiff accelerated the balance due under the Notes.

27. Pursuant to Paragraph "8" of the Note, Plaintiff is entitled to a default rate of interest at six percent (6%) per annum above the agreed-upon interest rate, which was 4.45% for Note 1, and 7.42% for Note 2, and, consequently, the total default interest rate on Note 1 is 10.45% and on Note 2 is 13.42% per annum.

28. Pursuant to the Paragraph "7" of the Note, Plaintiff is entitled to late fees from Starway with respect to each payment it failed to timely make thereunder.

29. As a result of the foregoing, Starway remains indebted to Plaintiff pursuant to the Master Security Agreement and Notes in the sum of not less than $318,792.46, inclusive of late fees, as of the date hereof.

30. By virtue of the foregoing, Plaintiff is entitled to judgment as against Starway in the amount of not less than $318,792.46, together with appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

{530001.037}

## AS AND FOR A SECOND CAUSE OF ACTION
**(Continuing Guaranty)**

31. Plaintiff repeats, reiterates and realleges the allegations set forth in Paragraphs "1" through "30" of the Complaint with the same force and effect as if fully set forth herein at length.

32. In order to induce Plaintiff to enter into the Master Security Agreement and Note, Guarantor, *jointly and severally*, in return for good and valuable consideration, executed the Personal Guaranty whereby he absolutely and unconditionally guaranteed the full and prompt payment when due of all present and future obligations of Starway to Plaintiff.

33. By reason of the Personal Guaranty, Guarantor is liable for all charges (including attorneys' fees and late fees) which are otherwise due and owing from Starway to Plaintiff pursuant to the Master Security Agreement and Note.

34. Accordingly, Guarantor remains liable to Plaintiff in the amount of not less than $318,792.46 as of the date hereof, together with appropriate interest thereon, late charges, and reasonable attorneys' fees.

35. By virtue of the foregoing, Plaintiff is entitled to judgment as against Guarantor pursuant to his Personal Guaranty in the amount of not less than $318,792.46, together with appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Possession)**

36. Plaintiff repeats, reiterates and realleges the allegations contained in Paragraphs "1" through "35" of this Complaint with the same force and effect as if fully set forth herein at length.

37. The Master Security Agreement provides that in the event of default, Plaintiff may, without demand or notice of any kind, declare the entire unpaid indebtedness to be immediately due

{530001.037}

and payable and enter upon the premises where the Collateral is located to take possession of and remove same.

38. Starway has defaulted under the terms of the Master Security Agreement. As such, Plaintiff is entitled to immediate possession of the Collateral.

39. Upon information and belief, the Collateral is being held, detained, and converted by the Defendants in contravention of the rights of Plaintiff.

40. By reason of all the foregoing, Plaintiff is entitled to immediate possession of the Collateral, and all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements thereof, installed in, affixed to, or used, in connection with said property and all proceeds.

41. By reason of the foregoing, Plaintiff is entitled to a judgment of possession against Defendants for the following Collateral: Two (2) 2020 Peterbilt Model 389 Tractors (Serial/ID Nos. 1NPXLP9X2LD628050, 1NPXLP9X4LD628051), Two (2) 2020 Cottrell Model CX-09LSFA Car Carriers (Serial/ID Nos. 5E0AA1647LG275202, 5E0AA1649LG275203), and One (1) 2016 Sun Valley Trailer (Serial/ID No. 1S9CA5325GP297327), and all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements thereof, installed in, affixed to, or used, in connection with said property and all proceeds.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

(i) On the First Cause of Action, against Starway, in the sum of not less than $318,792.46, together with appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

(ii) On the Second Cause of Action, against Guarantor, in the sum of not less than $318,792.46, together with the appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees.

(iii) On the Third Cause of Action, against Defendants, for judgment of possession of the Collateral, to wit: Two (2) 2020 Peterbilt Model 389 Tractors (Serial/ID Nos. 1NPXLP9X2LD628050, 1NPXLP9X4LD628051), Two (2) 2020 Cottrell Model

    CX-09LSFA Car Carriers (Serial/ID Nos. 5E0AA1647LG275202, 5E0AA1649LG275203), and One (1) 2016 Sun Valley Trailer (Serial/ID No. 1S9CA5325GP297327), and all present and future attachments, accessories, additions, accessions, parts and supplies, and any replacements thereof installed in, affixed to, or used, in connection with said property and all proceeds; and,

(iv) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
   April 10, 2024

               BRONSTER LLP
               Attorneys for Plaintiff


            By: _*s//J. Logan Rappaport*_____
              J. Logan Rappaport, Esq.
              156 West 56th Street, Suite 703
              New York, New York 10019
              Tel: (347) 826-5051
              lrappaport@bronsterllp.com